### JACKSON v. SANDERS AND DOLE.

A plaintiff having counted on two promissory notes, which had not become absolute, under a special agreement, and his remedy being on the agreement, and not on the notes, he was allowed to amend at the trial, by counting on the agreement.

THIS was an action of assumpsit on two promissory notes, payable to plaintiffs, for $150 each.

Plaintiffs were merchants in Ohio, and goods bought by them in New York, for their trade, were seized on their transit through Buffalo, on an attachment against them as non-resident debtors. To relieve their goods from the attachment they gave a bond under the statute, which the defendants signed as their sureties. To indemnify them, plaintiffs deposited with them $300, in money, taking back the notes in this suit as a memorandum thereof, and it was agreed that the plaintiffs should satisfactorily secure the defendants by a mortgage on real estate in the State of New York, when the money should be returned, and the notes be given up. A mortgage was accordingly executed and tendered to the defendants, who refused to receive it, on the ground of the insufficiency of the security, whereupon this suit was brought on the notes.

*Edmonds*, *J.*, held that the plaintiffs could not recover on the notes, because their right to them had never become absolute; that their only remedy was on the special agreement of the defendants to accept the mortgage as substituted security.

*Williams*, for plaintiffs, then moved to amend by substi-

tuting, for the counts on the notes, counts on the special agreement.

*Edmonds, J.,* allowed the amendment on the following terms: Plaintiffs to pay the costs of the plea and all subsequent proceedings, the trial to be postponed, and defendants to have twenty days to plead to the amended declaration, which might contain the common. counts, but excluding any count upon the notes.

*Williams,* for plaintiffs.

*Havens,* for defendants.